IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ADAM HOLLAND, by Next Friends PAMELA HOLLAND AND BERNARD HOLLAND; and PAMELA HOLLAND and BERNARD HOLLAND,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>RUSSELL LaLEVEE, DAVE BROWN, d/b/a GIGAHERTZ, INC., a/k/a Sign Generator; COX MEDIA GROUP, d/b/a WHTP-FM;<br><br>*Defendants.* | Case No. _____<br><br>JURY DEMAND<br><br>1. WRONGFUL FALSE LIGHT INVASION OF PRIVACY;<br>2. MISAPPROPRIATION OF LIKENESS;<br>3. DEFAMATION;<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>5. TENNESSEE PERSONAL RIGHTS PROTECTION ACT, T.C.A. § 47-25-1105;<br>6. INJUNCTIVE RELIEF |

## VERIFIED COMPLAINT

COME NOW THE PLAINTIFFS, ADAM HOLLAND, by Next Friends PAMELA HOLLAND AND BERNARD HOLLAND, and PAMELA HOLLAND and BERNARD HOLLAND and file this Complaint, and would respectfully state as follows:

### I.
### Introduction

1. The Plaintiff, Adam Holland, and his parents and conservators, Pamela Holland and Bernard Holland, bring this action for wrongful false light invasion of privacy, misappropriation of likeness, intentional infliction of emotional injury, violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105 and defamation, arising out of the Defendants' commercial use, cropping and display of the Plaintiff, Adam Holland's image and likeness on various Internet websites, coupled with

false and defamatory descriptions and commentary about the Plaintiff displaying his image under such headings and descriptions as "Retarded News", "Sick Retarded Kid", "Retards", "Mentally Dysfunctional", and other offensive and defamatory mischaracterizations. Plaintiffs seek to recover their actual damages that include their severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages. As a further consequence of the Defendants' malicious, intentional and tortious actions, the Plaintiffs have suffered injury for which they seek punitive damages. Plaintiffs seek permanent injunctive relief enjoining the Defendants from any further publication or distribution of any images of the Plaintiff Adam Holland.

## II.
## Jurisdiction and Venue

2. This court is vested with jurisdiction to adjudicate all claims presented in this case pursuant to 28 U.S.C. § 1331, this being a case involving diversity of citizenship of the parties. In addition, venue is proper in this federal district since the Plaintiffs reside here and the claims all arise in the Middle District of Tennessee.

## III.
## Parties

3. Plaintiff, Adam Holland is an adult citizen and resident of Nashville, Davidson County, Tennessee. He was diagnosed at birth with Down Syndrome, a chromosomal disorder characterized by a combination of birth defects, including impairment of certain brain functions and other physical and mental abilities and characteristic facial and physical features. He has been a ward of his parents, Bernard

and Pamela Holland since July 1, 2011, who were appointed on that date to serve as their son's co-conservators.

4. Pamela Holland is an adult citizen and resident of Nashville, Davidson County, Tennessee.

5. Bernard Holland is an adult citizen and resident of Nashville, Davidson County, Tennessee.

6. Defendant, Russell LaLevee is an adult citizen and resident of the State of Minnesota and maintains a business address is 4154 Shoreline Drive, Suite 200, Spring Park, Minnesota 55384.

7. Defendant, Dave Brown is the owner and chief executive officer of an entity known as Gigahertz, Inc., d/b/a Sign Generator. This Defendant may be served with process at 122 W. Bridge Street, Oswego, New York 13126-1431.

8. Defendant, Cox Media Group, is the owner and operator of station WHTP 102.5 "The Bone", in Tampa Bay, Florida. WHPT-FM produces a program known as "The Cowhead Show". This Defendant is a foreign corporation and has its principal offices at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Its registered agent for service of process is Corporation Service Company which may be served at 40 Technology Pkwy, South Suite 300, Norcross, GA 30092

## IV.
## Facts

9. On or about July 14, 2004, Adam Holland, then age 17, attended an art class sponsored by the Vanderbilt Kennedy Center in Nashville, Tennessee. The Kennedy Center is a private educational and research foundation dedicated to providing resources for persons with developmental disabilities.

10. During this art class, Adam drew a sketch and, being proud of his achievement, held the drawing up while an instructor took the following photograph of him displaying his art work:



11. Defendant Cox Media Group is an integrated broadcasting, publishing, direct marketing and digital media company with its headquarters in Atlanta, Georgia. It owns Cox Target Media, which operates Valpak, one of North America's largest direct marketing companies, and Savings.com, a leading online source for savings. Cox Media Group had revenues in 2012 of $1.9 billion. The company's operations currently include 19 broadcast television stations and one local cable channel, 87 radio stations, eight daily newspapers and more than a dozen non-daily publications, and more than 100 digital services. CMG currently operates in more than 30 media markets and reaches approximately 52 million Americans weekly, including more than 32 million TV viewers, more than 4 million print and online newspaper readers, and 18 million radio listeners.

12. On or about July 18, 2012, Adam's parents received an email from a friend, Alease Robertson, in which she attached the following website address for a

program broadcast by one of Cox Media Group's stations, WHTP-FM in Tampa, Florida which it calls "The Cowhead Show".

http://www.cowheadradio.com/index.php?option=com_content&view=article&id=53&Itemid=99.

On this website WHTP-FM displayed the same photographic image taken of Adam in July of 2004 at the Kennedy Center. The Defendant had cropped and altered this original image of Adam, substituting for his original artwork a depiction of Adam holding a poster containing the words: "Retarded News".



13. On July 22, 2012, Plaintiff Pamela Holland received an email from a friend, Dave Davis, attaching a copy of an email that had been posted on the Facebook page for the Spread the Word to End the Word campaign. One of the campaign's supporters, Erin Hinz, had received an email from Michael Sharkey, the Program Director for Cox Media Group station WHPT-FM in Tampa, Florida, the entity responsible for the broadcast of the "The Cowhead Show" segment known as "Retarded News". In this email, shown below, Mr. Sharkey took responsibility on behalf of WHPT-FM for its unauthorized use of the photograph, and offered the following explanation and motivation for posting the altered photograph of Ms. Holland's son, Adam:

From: ddavis166@comcast.net
To: "Pam Holland" <pam930@comcast.net>
Sent: Sunday, July 22, 2012 9:47:41 PM



Erin Thompson Hinz I received a RESPONSE!!! Here it is:

Erin –

My name is Michael Sharkey, I am the Program Director of WHPT-FM in Tampa, FL and Cowhead's Boss. I received your email from our corporate office and wanted you to be aware of the action steps we have taken.

The segment "Retarded News" is designed to highlight odd stories that are seemingly always in the news. Stories such as botched bank robberies and failed crimes. These stories are NOT about disabled individuals. However, in our investigation, we noted the picture that he was using did denote a person with down syndrome. We have removed that picture from our page and we are removing any reference to handicapped or disabled individuals.

I apologize for any grief this might have caused. Thank you for your well thought out email, insight into down syndrome and bringing this to our attention.

Best,
Michael Sharkey

14. Dave Brown is the owner of a business entity known as Gighertz, Inc., d/b/a Sign Generator in Oswego, New York. Mr. Brown accumulates a catalogue of images, commonly depicting individuals and celebrities holding blank signs. His business, Sign Generator, commercially markets these images for sale and download to customers both nationally and internationally via his Internet website at www.signgenerator.org for a fee-per-download basis.

15. On or about December 11, 2012, the Plaintiffs Ben and Pamela Holland

learned that the Defendant, Gigahertz, Inc., d/b/a Sign Generator had posted on its Internet website under the heading **"Retarded Handicap Generator"** the following cropped and altered version of their son Adam Holland's photograph holding in the place of his original artwork a poster stating: "I Love Making Custom Signs":



16. On or about July 19, 2012, the Plaintiffs learned that an individual, whose identity was at that time unknown to them, had posted the following cropped and altered photographs of their son, Adam Holland on the following Internet website: www.flickr.com/photos/8394561@N02/3540319418/ .

Beneath one of these photographs of their son, the individual posted the following caption: "Ben the retarded kid from down the street."





17. In December of 2012, Plaintiffs learned through their investigation that the originator of the aforementioned website and images was Russell LaLevee, who resides in Spring Park, Minnesota.

18. Plaintiffs have since learned that Mr. LaLevee maintains a Flickr page entitled "Wasted In The Keys". In December of 2012, the Defendant LaLevee posted on this Flickr website the following defamatory comment about Adam Holland in which he boasts of having received over 21,350 views over a period of 25 months. He describes the posting as "just a stupid photo of the sick retarded kid that lives down my street that my dogs hate."



19. The actions of the Defendants in posting these unauthorized, deceptive, false, misleading and defamatory images of Adam Holland were intentional, deliberate and malicious and have proximately caused the Plaintiffs to suffer severe mental anguish

and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages.

### III.
### Causes of Action

### COUNT I
### Tennessee Personal Rights Protection Act
### Tenn. Code Ann. § 47-25-1105

20. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 19 above, and Plaintiffs do further allege as follows:

21. The Defendants, and each of them, are liable to the Plaintiffs for their actions which constitute a violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105. This code section provides, in relevant part, as follows:

> **Tenn. Code Ann.§ 47-25-1105. Unauthorized Use.**
>
> (a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of advertising products, merchandise, goods, or services, or for purposes of fund raising, solicitation of donations, purchases of products, merchandise, goods, or services, without such individual's prior consent, or, in the case of a minor, the prior consent of such minor's parent or legal guardian, or in the case of a deceased individual, the consent of the executor or administrator, heirs, or devisees of such deceased individual, shall be liable to a civil action.
>
> (b) In addition to the civil action authorized by this section and the remedies set out in § 47-25-1106, any person who commits unauthorized use as defined in subsection (a) commits a Class A misdemeanor.
>
> (c) It is no defense to the unauthorized use defined in subsection (a) that the photograph includes more than one (1) individual so identifiable; provided, that the individual or individuals complaining of the use shall be represented as individuals per se rather than solely as members of a definable group represented in the photograph.

22. Pursuant to Tenn. Code Ann.§ 47-25-1106(d), the Plaintiffs are entitled to judgment against each of the Defendants, individually, their actual damages suffered as a result of the Defendant's knowing use or infringement of the Plaintiffs' rights and any profits that are attributable to such use or infringement which are not taken into account in computing the actual damages. Profit or lack thereof by the unauthorized use or infringement of the Plaintiffs' rights shall not be considered a criteria of determining the Defendants' liability.

## COUNT II
### False Light Invasion of Privacy

23. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 22 above, and Plaintiffs do further allege as follows:

24. The Defendants, and each of them, are liable to the Plaintiffs for compensatory damages arising out of their actions in displaying to the world deceptive, degrading, false, indecent, insulting and defamatory images of Adam Holland casting him in a false light and invading his personal privacy.

25. The actions by the Defendants have unreasonably and seriously interfered with the Plaintiffs' interest in not having their personal and family affairs known to others or having their son's likeness exhibited to the public.

26. The Defendants, and each of them, knew or should have realized that their actions would be offensive to persons of ordinary sensibilities and that this intrusion into the Plaintiffs' personal lives would exceed the bounds of human decency.

27. As a direct and proximate result of the Defendant, Russell LaLevee's, intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

28. As a direct and proximate result of the Defendant, Dave Brown, d/b/a Gigahertz, Inc.'s. intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

29. As a direct and proximate result of the Defendant, Cox Media Group's, intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

### COUNT III
### Misappropriation of Likeness and Image

30. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 29 above, and Plaintiffs do further allege as follows:

31. The actions of the Defendants, and each of them, in exploiting the Plaintiff Adam Holland's image without the consent or authorization of the Plaintiffs, Ben and Pamela Holland, renders each of the Defendants liable to the Plaintiff, Adam Holland, for the misappropriation and exploitation of his image and likeness.

32. As a direct and proximate result of the Defendant, Russell LaLevee's, misappropriation of the Plaintiff Adam Holland's image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

33. As a direct and proximate result of the Defendant, Cox Media Group's, intentional misappropriation of the Plaintiff Adam Holland's image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

34. As a direct and proximate result of the Defendant, Dave Brown, d/b/a Gigahertz, Inc.'s, intentional misappropriation of the Plaintiff Adam Holland's image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their

economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

## COUNT IV
### Intentional Infliction of Emotional Distress

35. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 34 above, and Plaintiffs do further allege as follows:

36. The Defendants each individually through their own independent actions as set forth herein are liable to the Plaintiffs for the tort of intentional infliction of emotional distress.

37. The Defendant's exceed the bounds of human decency to the point of being outrageous and their actions have inflicted severe emotional injury on the Plaintiffs entitling them to an award of compensatory and punitive damages.

## COUNT V
### Defamation

38. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 37 above are incorporated herein by reference, and Plaintiffs do further allege as follows:

39. The statements of the Defendant Russell LaLevee, which he published about the Plaintiff Adam Holland, were false and were made by him with the knowledge of their falsity, or with reckless disregard for the truth and accuracy of such statements.

40. As a direct and proximate result of the Defendant, Russell LaLevee's false and defamatory statements about the Plaintiff Adam Holland, the Plaintiffs have suffered,

and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

### COUNT VI
### Injunctive Relief

41. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 40 above, and Plaintiffs do further allege as follows:

42. The Plaintiffs have suffered, and will continue to suffer irreparable injury if the Defendants are not enjoined from the further publication and distribution of the image and likeness of the Plaintiff Adam Holland.

WHEREFORE, PLAINTIFFS REQUEST:

1. That they be allowed to file this Verified Complaint, and that process issue to each of the Defendants requiring them to respond within the time required under the Federal Rules of Civil Procedure;
2. That at the trial of this cause, the Plaintiff Adam Holland be awarded judgment against the Defendants as follows:
    a. Judgment against Russell LaLevee for compensatory damages in the amount of Three Million Dollars ($3,000,000);
    b. Judgment against Russell LaLevee for punitive damages in the amount of Three Million Dollars ($3,000,000);

c. Judgment against Cox Media Group for compensatory damages in the amount of Three Million Dollars ($3,000,000);

d. Judgment against Cox Media Group for punitive damages in the amount of Three Million Dollars ($3,000,000);

e. Judgment against Dave Brown, d/b/a Gigahertz, Inc. for compensatory damages in the amount of Three Million Dollars ($3,000,000);

f. Judgment against Dave Brown, d/b/a Gigahertz, Inc. for punitive damages in the amount of Three Million Dollars ($3,000,000);

3. That this court issue a permanent injunction enjoining and restraining the Defendants, their agents, employees, attorneys and all persons acting in concert with them from any further use, publication or dissemination of the Plaintiff Adam Holland's image or likeness, and further ordering the Defendants to remove all traces of this Plaintiff's image or likeness from any and all forms of media, including digital and print.

4. That Plaintiffs have such further general and statutory relief as to which they may be entitled, including court costs and reasonable attorney's fees.

5. Plaintiffs demand a jury of six to hear and try all issues properly submitted to a trier of fact.

This _____ day of April, 2013.

                                          Respectfully submitted,

                                          _____
                                          LARRY L. CRAIN, ESQ.
                                          Tenn. Sup.Crt. No. 9040
                                          **CRAIN, SCHUETTE & ASSOCIATES**
                                          5214 Maryland Way, Suite 402
                                          Brentwood, TN.  37027
                                          (615) 376-2600 Phone
                                          (615) 345-6009 Fax
                                          larry@csafirm.com

This **19th** day of April, 2013.

                                        Respectfully submitted,

*/s/ Larry L. Crain*

LARRY L. CRAIN, ESQ.
Tenn. Sup.Crt. No. 9040
**CRAIN, SCHUETTE & ASSOCIATES**
5214 Maryland Way, Suite 402
Brentwood, TN. 37027
(615) 376-2600 Phone
(615) 345-6009 Fax
larry@csafirm.com

# VERIFICATION

*[signature]*

**Bernard Holland**, Individually and as Co-Conservator for Adam Holland

*[signature]*

**Pamela Holland**, Individually and as Co-Conservator for Adam Holland

STATE OF TENNESSEE     )
COUNTY OF WILLIAMSON   )

Personally appeared before me, a notary public in and for said county and state, the above-signed, Bernard Holland and Pamela Holland, and did make oath that the information contained in the foregoing Complaint was true and correct to the best of their knowledge, information and belief.

Sworn to and subscribed before me on this 18th day of April, 2013

*[signature]* Valerie Rosenbalm
Notary Public

*[Notary Seal: VALERIE S. ROSENBALM, STATE OF TENNESSEE NOTARY PUBLIC, MARSHALL COUNTY]*

My commission expires: 6-1-13